# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY RAY CARTER, | Case No. 1:15-cv-00313-LJO -DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| CDCR, | THIRTY-DAY DEADLINE |
| Defendant. | |

Plaintiff Benny Ray Carter ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 27, 2015. He names CDCR as the sole Defendant.

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at Corcoran State Prison, in Corcoran, California.  The events at issue occurred while Plaintiff was incarcerated at Wasco State Prison.

Plaintiff alleges that he is an ADA mobility impaired inmate awaiting knee replacement surgery.  He alleges that he is in tremendous pain.

On January 15, 2015, he woke with stomach cramping and was very dizzy.  Plaintiff went to the 6:30 a.m. pill call to refuse his medication until the afternoon.  At the window, the on-duty nurse and correctional officer made Plaintiff take his medication.

2

After being too sick and weak to go to the noon pill call, Plaintiff was able to sleep and got up in time for the 8:00 p.m. pill call. Plaintiff was told that his doctor stopped his medication.

On January 16, 2015, Plaintiff told another doctor what happened and he helped Plaintiff manage his pain by prescribing Ibuprofen. However, the medicine did not help.

Plaintiff was in terrible pain until he received his medication on February 5, 2015.

For relief, Plaintiff seeks compensation for pain and suffering caused by "Defendants." ECF No. 1, at 14.

**C.   DISCUSSION**

1.   CDCR as Defendant

Plaintiff names CDCR as the sole Defendant. However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

Thus, Plaintiff may not maintain a claim against CDCR.

2.   Linkage

To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

As noted above, Plaintiff cannot state a claim against CDCR, the only named Defendant. Although he references a nurse, a correctional officer, and two doctors, he does not identify any specific individuals purportedly responsible for the alleged violations.[1]

Plaintiff therefore fails to state a claim against any Defendant.

---

[1] Plaintiff may name Doe Defendants, but he does not indicate that he is unaware of the identity of any the individuals referred to in his complaint.

3

3. <u>Eighth Amendment</u> - <u>Medical Care</u>

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. <u>Snow</u>, 681 F.3d at 985 (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.

Because Plaintiff's claim is brief, the exact nature of his claim is unclear. He contends that a nurse and correctional officer made him take medication, though he alleges no harm as a result. Plaintiff also references a doctor who took his medications away and a doctor who tried to help manage his pain, but it is unclear whether these doctors are part of Plaintiff's claims.

Plaintiff also fails to allege facts suggesting that any staff member acted with deliberate indifference, i.e., with a knowing disregard for Plaintiff's health or safety. Although Plaintiff attaches his health care appeals as exhibits, the Court will not attempt to guess as to his claims.

Plaintiff's allegations are therefore too vague to state a claim against any Defendant. As noted above, Plaintiff must set forth sufficient factual matter, accepted as true, to state a claim that is plausible on its face.

///

///

///

### D. CONCLUSION AND ORDER

Plaintiff's complaint does not state any cognizable claims against any Defendants.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;

///
///
///

5

4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **September 15, 2015**              /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE