# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY RAY CARTER, | Case No. 1:15-cv-00313-DAD DLB |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| JANE DOE, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Benny Ray Carter ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 27, 2015.

Pursuant to Court order, he filed a First Amended Complaint on October 5, 2015. He names Wasco State Prison ("WSP") Nurse Jane Doe and WSP Doctor John Doe as Defendants.

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility, in Corcoran, California. The events at issue occurred while Plaintiff was incarcerated at WSP.

Plaintiff alleges that he is an ADA mobility impaired inmate awaiting knee replacement surgery. He takes "Tylenol #3 a narcotic" for the tremendous pain. ECF No. 9, at 3.

On January 15, 2015, Plaintiff went to 6:30 a.m. pill call and took his medication. He went back for evening pill call and the on-duty nurse told Plaintiff that the a.m. nurse, Defendant Jane

1  Doe, had Defendant Dr. John Doe stop his medication.  This was done without seeing Plaintiff.

2  　　　　Plaintiff contends that when Defendant Does stopped his medication, they knew that it
3  would cause him pain, but stopped it anyway.  Plaintiff could not function correctly and had
4  difficulty with daily living.

5  　　　　Plaintiff saw Dr. Patel for a different reason on January 16, and he told Plaintiff that he
6  didn't know anything about the discontinuation.  Dr. Patel tried to manage Plaintiff's pain, but it
7  did not work.

8  　　　　Plaintiff was evaluated by Defendant Patel on February 5, 2015.  He prescribed Tylenol
9  #3.

10  　　　　Based on these allegations, Plaintiff alleges a violation of the Eighth Amendment.

11  **C.**　　**DISCUSSION**

12  　　　　1.　　Eighth Amendment- Legal Standard

13  　　　　While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical
14  care, the Eighth Amendment is violated only when a prison official acts with deliberate
15  indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir.
16  2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.
17  2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091,
18  1096 (9th Cir. 2006).

19  　　　　Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his]
20  condition could result in further significant injury or the unnecessary and wanton infliction of
21  pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm,
22  680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is
23  shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need,
24  and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at
25  1096).  The requisite state of mind is one of subjective recklessness, which entails more than
26  ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted);
27  Wilhelm, 680 F.3d at 1122.

28  ///

### 2.  Analysis

In the prior screening order, the Court explained that Plaintiff failed to allege facts suggesting that any staff member acted with deliberate indifference, i.e., with a knowing disregard for Plaintiff's health or safety. Now, he adds allegations that Nurse Jane Doe and Dr. John Doe discontinued his pain medications, despite knowing that it would cause him pain.

His allegations continue to be insufficient to show deliberate indifference. As explained above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusions are not, id. at 1949.

Plaintiff alleges that Defendants knew that discontinuing his medication would cause pain, but he provides no facts to demonstrate that knowledge. Without such facts, Plaintiff fails to state a claim.

Insofar as Plaintiff cites a violation of the California Code of Regulations, this does not, by itself, rise to the level of an Eighth Amendment claim.

### D.  **CONCLUSION AND ORDER**

Plaintiff's complaint does not state any cognizable claims against any Defendants.

The Court will provide Plaintiff with a **final** opportunity file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's

1  constitutional rights and liability may not be imposed on supervisory personnel under the mere
2  theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07
3  (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual
4  allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly,
5  550 U.S. at 555 (citations omitted).

6        Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa
7  County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without
8  reference to the prior or superceded pleading," Local Rule 220.

9        Based on the foregoing, it is HEREBY ORDERED that:

10      1.    Plaintiff's First Amended Complaint is DISMISSED WITH LEAVE TO AMEND;
11      2.    The Clerk's Office shall send Plaintiff a complaint form;
12      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must
13          file an amended complaint curing the deficiencies identified by the Court in this
14          order, or a notice of voluntary dismissal.
15      4.    <u>If Plaintiff fails to comply with this order, this action will be dismissed, without</u>
16          <u>prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **February 9, 2016**                    /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE