# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY RAY CARTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JANE DOE, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:15-cv-00313-DAD DLB<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO FOLLOW COURT ORDER AND FAILURE TO PROSECUTE<br><br>THIRTY- DAY OBJECETION DEADLINE |

　　　　Plaintiff Benny Ray Carter ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 27, 2015. Pursuant to Court order, he filed a First Amended Complaint on October 5, 2015.

　　　　On February 9, 2016, the Court screened Plaintiff's First Amended Complaint and dismissed it with leave to amend. After the time for filing an amended complaint passed, the Court issued an order to show cause on April 7, 2016.

　　　　On April 18, 2016, Plaintiff filed a response to the order to show cause. He stated that he was "incompetent" in legal issues and could not proceed without Court help or assigned legal assistance. ECF No. 13, at 1.

　　　　Based on this, the Court discharged the order to show cause on April 19, 2016. The Court explained that to the extent that Plaintiff requested the Court's help, the Court had issued two

screening orders. Each order explained the problems with Plaintiff's allegations, and how can remedy the issues. Plaintiff was granted another thirty (30) day extension to file an amended complaint. The Court explained, "Plaintiff is reminded that as set forth in the February 9, 2016, order, this will be his final opportunity to amend. If Plaintiff does not comply with this order, the Court will recommend that this action be dismissed." ECF No. 14, at 2.

Over thirty (30) days have passed and Plaintiff has not complied with the order to show cause, or otherwise contacted this Court.

### **DISCUSSION**

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

In this case, two factors weigh against dismissal while three factors weigh in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). There is no discernible prejudice to the defendants at this early stage in the proceedings, and public policy always favors disposition on the merits. *In re PPA*, 460 F.3d at 1227-28; *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002); *Yourish*, 191 F.3d at 991-92. On the other hand, the public's interest in expeditious resolution of litigation always favors dismissal. This case has been pending since February 27, 2015, and there is no operative complaint on file. The Court's ability to manage its docket and guide cases toward resolution is significantly compromised by noncompliance with orders. Finally, there are no alternative sanctions which are satisfactory given that Plaintiff is proceeding in forma pauperis and this action cannot proceed any further

absent his compliance with the order. *In re PPA*, 460 F.3d at 1227-29; *Pagtalunan*, 291 F.3d at 642-43; *Yourish*, 191 F.3d at 990-92.

Plaintiff was also warned that noncompliance would result in dismissal of this action.

### **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that this action BE DISMISSED for Plaintiff's failure to follow Court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 1, 2016**                           **/s/ Sandra M. Snyder**
                                                                         UNITED STATES MAGISTRATE JUDGE