UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY RAY CARTER,<br><br>            Plaintiff,<br><br>      vs.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS – WASCO,<br><br>            Defendants. | 1:15-cv-00313-DAD-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, FINDING THAT IT IS UNNECESSARY TO APPOINT A GUARDIAN AD LITEM, AND RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 11.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

On September 9, 2016, the assigned District Judge referred this case to the Magistrate Judge to make further inquiry as to whether Plaintiff is incompetent for purposes of proceeding in this action.  (ECF No. 17.)  If Plaintiff was determined to be incompetent, the Magistrate Judge was directed to consider whether the court should appoint a guardian *ad litem* for Plaintiff pursuant to Rule 17(c), or to recommend alternative means to protect Plaintiff's interests, such as appointment of counsel.  (Id.)

The Magistrate Judge has complied with the order and now enters these findings and recommendations.

**I.    RELEVANT PROCEDURAL BACKGROUND**

Benny Ray Carter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on February 27, 2015.  (ECF No. 1.)

The court screened the complaint under 28 U.S.C § 1915A and issued an order on September 16, 2015, dismissing the complaint for failure to state a claim, with leave to amend.[1]  (ECF No. 8.)  On October 5, 2015, Plaintiff filed the First Amended Complaint.  (ECF No. 9.)

The court screened the First Amended Complaint and issued an order on February 9, 2016, dismissing the First Amended Complaint for failure to state a claim, with leave to file a Second Amended Complaint within thirty days.  (ECF No. 11.)  The thirty-day deadline passed and during that time Plaintiff did not file a Second Amended Complaint or otherwise respond to the court's order.  (Court Record.)

On April 7, 2016, the court issued an order to show cause, requiring Plaintiff to respond within thirty days showing why this case should not be dismissed for his failure to follow a court order and failure to prosecute.  (ECF No. 12.)  On April 18, 2016, Plaintiff filed a response, objecting to dismissal of his case.  (ECF No. 13.)  Plaintiff stated that the Superior Court of Riverside County had declared him incompetent in legal matters, made him a ward of the court, and appointed a Public Defender to protect his common law and civil rights.  (Id.)  On April 19, 2016, the court discharged the order to show cause and issued an order requiring Plaintiff to file a Second Amended Complaint within thirty days.  (ECF No. 14.)  Plaintiff did not file a Second Amended Complaint or any other response to the court's order within the thirty-day time period. (Court Record.)

On June 2, 2016, the Magistrate Judge entered findings and recommendations, recommending that this case be dismissed for Plaintiff's failure to follow the court's order and

---

[1] Under 28 U.S.C. section 1915A, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  The court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. section 1915A(b)(1), (2).

failure to prosecute. (ECF No. 15.) On September 9, 2016, the District Judge declined to adopt the findings and recommendations and referred this matter back to the Magistrate Judge to determine whether a guardian *ad litem* should be appointed for Plaintiff under Rule 17(c). (ECF No. 17.)

## II.     RULE 17(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Federal Rule of Civil Procedure 17(c) requires that a district court "appoint a guardian *ad litem* – or issue another appropriate order – to protect a[n] . . . incompetent person who is unrepresented in an action." Fed R. Civ. P. 17(c). If in fact a plaintiff has been found to be incompetent, the court has a special duty under the Federal Rules of Civil Procedure "to take whatever measures it deems proper to protect an incompetent person during litigation." Davis v. Walker, 745 F.3d 1303, 1311 (9th Cir. 2014) (quoting United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986)).

Rule 17(c) does not make the appointment of a guardian *ad litem* mandatory. Davis, 745 F.3d at 1310. Whether to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court and may be reviewed only for abuse of that discretion." 30.64 Acres of Land, 795 F.2d at 805. "If another order would sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian, the court may enter such an order." Davis, 745 F. 3d at 1310.

## III.    DISCUSSION

"'In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case' and a party can be found 'incompetent only if a preponderance of the evidence supports such a finding.'" Ingram v. City of San Francisco, No. C12-3038 JSC, 2012 WL 3258805, at * 2 (C.D. Cal. August 8, 2012) (quoting Elder-Evins v. Casey, No. C 09-05775 SBA (LB), 2012 WL 2577589, at *2 (N.D. Cal. July 3, 2012).

Plaintiff claims that the Superior Court of Riverside County previously declared him incompetent in legal matters. If this is true, then consideration of whether to appoint a guardian *ad litem* is warranted under Rule 17(c). However, in this case, as discussed below, the court

finds that Plaintiff has failed to state a claim and cannot do so, in which case the appointment of a guardian ad *litem* is not necessary. See Ingram, 2012 WL 3257805 (declining to appoint a guardian *ad litem* where plaintiff failed to state a meritorious claim).

To state an Eighth Amendment medical claim, a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference is shown by "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Id.

Here, the First Amended Complaint was filed against defendants Dr. John Doe and Nurse Jane Doe for discontinuing Plaintiff's pain medications, in violation of the Eighth Amendment. (ECF No. 9.) The court found that the allegations in the First Amended Complaint failed to allege facts demonstrating that either of the defendants acted with deliberate indifference to Plaintiff's pain. (ECF No. 11.) In the prior screening order the court explained to Plaintiff that he failed to allege facts in the original complaint suggesting that any staff member acted with deliberate indifference, i.e., with a knowing disregard for Plaintiff's health or safety. (ECF No. 8.) Plaintiff was given ample guidance by the court to allege additional facts, if any, to state a deliberate indifference claim. (Id.) In the First Amended Complaint, Plaintiff alleged that when defendants Nurse Jane Doe and Dr. John Doe stopped his medication they knew that it would cause him pain but stopped it anyway. (ECF No. 9 at 3-5.) The court found that, without more, these conclusory allegations were insufficient to state a claim for deliberate indifference against either of the defendants and therefore dismissed the First Amended Complaint. (ECF No. 11.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

///

///

Plaintiff has now had more than a year to file a Second Amended Complaint to cure the deficiencies in the First Amended Complaint found by the court, but has not done so. Therefore, there is presently no operative complaint in this case.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." The court has conducted another review of Plaintiff's First Amended Complaint and finds that it does not appear that additional facts would cure the deficiencies in Plaintiff's claims. Plaintiff has now filed two complaints, with ample guidance from the court, without stating any claims upon which relief may be granted. Therefore, this case should be dismissed with prejudice for failure to state a claim upon which relief may be granted under section 1983. As a result of this finding, the court also finds that the appointment of a guardian *ad litem* is not necessary.

**IV.   CONCLUSION AND RECOMMENDATIONS**

The court has found that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The court also finds that Plaintiff cannot cure the deficiencies in the First Amended Complaint and therefore, this case should be dismissed with prejudice for failure to state a claim. For these reasons, the court also finds that the appointment of a guardian *ad litem* under Rule 17(c) is not necessary.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. The appointment of a guardian *ad litem* for Plaintiff under Rule 17(c) be found unnecessary; and
2. This case be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C § 1915A.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

<u>Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 22, 2017**          /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE