UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY RAY CARTER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA and DEPARTMENT OF CORRECTIONS – WASCO,<br><br>　　　　　　Defendants. | No. 1:15-cv-00313-DAD-GSA<br><br><u>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE OR FAILURE TO COMPLY WITH THE LOCAL RULES</u> |

Plaintiff Benny Ray Carter is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 22, 2017, the assigned magistrate judge issued findings and recommendations, recommending in relevant part that the court dismiss this action. (*See* Doc. No. 18.) The findings and recommendations were served by mail on plaintiff that same day. The United States Postal Service returned the findings and recommendations to the court on March 8, 2017, as undeliverable, with a notation indicating that plaintiff's address of record is "Inactive." To date, plaintiff has not notified the court of any change in his address.[1]

---

[1] Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

1

Local Rule 183(b) requires that a party appearing in propria persona, as plaintiff Carter does here, must keep the court advised as to his current address. If mail directed to such party by the Clerk is returned, and if such party fails to notify the court and opposing parties within sixty-three days thereafter of a current address, the court may dismiss the action for failure to prosecute. Moreover, Local Rule 110 provides that a party's failure to comply with the Local Rules generally may be grounds for imposition of any sanctions authorized by statute, Rule, or within the inherent power of the court. Accordingly, a court may dismiss an action based on a party's failure to prosecute or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

In light of plaintiff's failure to update the court with his current address or to otherwise respond to the pending findings and recommendations, this court hereby orders plaintiff Carter to show cause why this case should not be dismissed for failure to prosecute or failure to comply with local rules. Specifically, plaintiff Carter is directed to **file a written response within twenty-eight (28) days of service of this order** indicating his intent to proceed with this action and advising this court of his current address. If plaintiff fails to comply with this order, the court will dismiss this case.

IT IS SO ORDERED.

Dated: **June 22, 2017**

UNITED STATES DISTRICT JUDGE

2